UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------------X
Sally T. Colby,

                        Plaintiff,                    **MEMORANDUM & ORDER**
                                                                           22-CV-02845 (DG)
       -against-

Martin O'Malley, *Commissioner, Social Security Administration*,

                        Defendant.[*]
----------------------------------------------------------------X
DIANE GUJARATI, United States District Judge:

       On May 16, 2022, Plaintiff Sally T. Colby commenced this action, seeking review pursuant to 42 U.S.C. § 405(g) of an Administrative Law Judge's May 5, 2021 decision (the "May 2021 decision"), which determined that Plaintiff was not disabled from December 31, 2017 through May 5, 2021 and therefore not entitled to Disability Insurance Benefits ("DIB"). *See generally* Complaint ("Compl."), ECF No. 1; Certified Administrative Record ("R.") 8-35, ECF No. 16.

       Pending before the Court are (1) Plaintiff's Motion for Judgment on the Pleadings, *see* Plaintiff's Brief in Support of Request for Judgment on the Pleadings ("Pl.'s Br."), ECF No. 17; Plaintiff's Statement of Contentions ("Pl.'s Contentions"), ECF No. 17-1; Plaintiff's Reply Brief ("Pl.'s Reply"), ECF No. 19, and (2) Defendant's Cross-Motion for Judgment on the Pleadings, *see* Notice of Cross-Motion, ECF No. 18; Defendant's Opposing Statement of Contentions ("Def.'s Contentions"), ECF No. 18-1; Memorandum of Law in Support of Defendant's Cross-Motion for Judgment on the Pleadings and in Opposition to Plaintiff's Motion for Judgment on

---

[*] The Clerk of Court is directed to amend the caption as set forth above. *See* Fed. R. Civ. P. 25(d).

the Pleadings ("Def.'s Br."), ECF No. 18-2; *see also* Defendant's letters providing notice of supplemental authority, ECF Nos. 20-22. Plaintiff seeks remand "for an award of benefits, or, in the alternative, for further development and analysis and a new hearing." *See* Pl.'s Br. at 8. Defendant seeks affirmance of the May 2021 decision and dismissal of this action. *See* Def.'s Br. at 23.

For the reasons set forth below, Plaintiff's Motion for Judgment on the Pleadings is denied, Defendant's Cross-Motion for Judgment on the Pleadings is granted, and the May 2021 decision is affirmed.

## BACKGROUND

### I.   Procedural History

On or about September 23, 2019, Plaintiff filed an application for DIB, alleging disability beginning on December 31, 2017. *See* R. 11; *see also* R. 273 (reflecting that Plaintiff's application was completed on October 21, 2019). Plaintiff's application was initially denied on February 5, 2020. *See* R. 183-88. On February 16, 2020, Plaintiff filed a request for reconsideration, *see* R. 189, and by Notice of Reconsideration dated August 6, 2020, the Social Security Administration found that the previous determination was proper under the law, *see* R. 195-206.

On August 14, 2020, Plaintiff requested a hearing. *See* R. 207. On December 15, 2020, Plaintiff testified at a hearing before an Administrative Law Judge (the "ALJ"), at which hearing medical expert Dr. Nikerson Geneve also testified. *See* R. 11, 36-67. On April 15, 2021, Plaintiff testified at a supplemental hearing before the ALJ, at which hearing vocational expert David Vandergoot also testified. *See* R. 68-84.[1] By decision dated May 5, 2021, the ALJ

---

[1] Plaintiff had requested a supplemental hearing in response to vocational expert interrogatory

determined that Plaintiff was not disabled and therefore was not entitled to DIB.  *See* R. 28.  The ALJ's decision became the final decision of the Commissioner of Social Security (the "Commissioner") on March 17, 2022, when the Appeals Council denied Plaintiff's request for review of the ALJ's decision.  *See* R. 1-7; *see also* 20 C.F.R. § 422.210.  Plaintiff timely commenced this action on May 16, 2022.  *See* Compl. ¶ 8; R. 3.

## II.     Entitlement to Disability Benefits

In evaluating disability claims, an ALJ must adhere to a five-step inquiry.  The claimant bears the burden of proof in the first four steps of the sequential inquiry; the Commissioner bears the burden in the last step.  *See Talavera v. Astrue*, 697 F.3d 145, 151 (2d Cir. 2012).  Pursuant to this five-step inquiry, the ALJ first determines whether the claimant is currently engaged in "substantial gainful activity."  *See* 20 C.F.R. § 404.1520(a)(4)(i).  If the answer is yes, the claimant is not disabled, regardless of the claimant's medical condition or the claimant's age, education, and work experience.  *See* 20 C.F.R. § 404.1520(a)(4)(i), (b).  If the answer is no, the ALJ proceeds to the second step to determine whether the claimant has a "severe medically determinable physical or mental impairment that meets the [applicable] duration requirement . . . or a combination of impairments that is severe and meets the duration requirement."  *See* 20 C.F.R. § 404.1520(a)(4)(ii).  An impairment or combination of impairments is severe when it "significantly limits [the claimant's] physical or mental ability to do basic work activities."  *See* 20 C.F.R. § 404.1520(c).  If the impairment or combination of impairments is not severe, the claimant is not disabled.  *See* 20 C.F.R. § 404.1520(a)(4)(ii); *see also* 20 C.F.R. § 404.1520(c).

If the claimant satisfies her burden at the first two steps – demonstrating that she is not engaged in substantial gainful activity and that she has a severe impairment or combination of

---

responses.  *See* R. 439.

impairments – the ALJ proceeds to the third step of the inquiry. At that step, the ALJ considers whether any of the claimant's impairments meets or equals one of the impairments listed in the applicable regulations (the "Listings") and meets the duration requirement. *See* 20 C.F.R. § 404.1520(a)(4)(iii); *see also* 20 C.F.R. pt. 404, subpt. P, app. 1.[2] Before proceeding from step three to step four, an ALJ assesses the claimant's residual functional capacity ("RFC"). *See* 20 C.F.R. § 404.1520(a)(4); *see also* 20 C.F.R. § 404.1520(e).[3] At step four, the ALJ considers the assessment of the claimant's RFC and past relevant work. *See* 20 C.F.R. § 404.1520(a)(4)(iv). If the claimant can still do the claimant's past relevant work, the claimant is not disabled. *See* 20 C.F.R. § 404.1520(a)(4)(iv); *see also* 20 C.F.R. § 404.1520(f). At step five, an ALJ must determine whether the claimant – given the claimant's RFC, age, education, and work experience – can make an adjustment to other work that exists in significant numbers in the national economy. *See* 20 C.F.R. §§ 404.1520(a)(4)(v), 404.1560(c); *see also* 20 C.F.R. § 404.1520(g)-(h).

### III. The ALJ's Decision

At step one, the ALJ determined that Plaintiff had not engaged in substantial gainful activity since December 31, 2017. *See* R. 13 (citing 20 C.F.R. § 404.1571 *et seq.*).[4] At step two, the ALJ determined that Plaintiff suffered from the following severe impairments: "lumbar spine

---

[2] If the ALJ concludes at step three that the claimant's impairment(s) meets the duration requirement and is listed in the Listings or is equal to a listed impairment(s), the ALJ will find the claimant disabled without considering the claimant's age, education, and work experience. *See* 20 C.F.R. § 404.1520(d). If not, the analysis proceeds.

[3] A claimant's RFC is "the most [the claimant] can still do despite [the claimant's] limitations." 20 C.F.R. § 404.1545(a)(1).

[4] As a threshold matter, the ALJ determined that Plaintiff met the insured status requirements of the Social Security Act through September 30, 2023. *See* R. 13.

4

degenerative disc disease, cervical spine degenerative disc disease and headaches." *See* R. 13 (citing 20 C.F.R. § 404.1520(c)). The ALJ also stated that "[a]ll other medically determinable impairments, including but not limited to, hypertension controlled without medication, irritable bowel syndrome, a history of retinal detachment, a history of gestational diabetes noted to be controlled with diet, a history of endometriosis and an anxiety disorder are nonsevere." *See* R. 14.

Having determined that Plaintiff satisfied her burden at the first two steps, the ALJ proceeded to the third step of the inquiry. At step three, the ALJ concluded that Plaintiff did not have an impairment or combination of impairments that met or medically equaled the severity of one of the impairments in the Listings. *See* R. 15.

Next, the ALJ determined that Plaintiff had the RFC to perform sedentary work as defined in 20 C.F.R. § 404.1567(a) except:

> [T]he claimant is able to lift and/or carry 10 pounds occasionally, sit for 6 hours and stand and/or walk for 2 hours in an 8-hour workday with normal breaks. In addition, the claimant should never climb ladders, ropes or scaffolds, and should avoid crouching and crawling, but can occasionally climb ramps and stairs and can occasionally stoop. The claimant is able to occasionally push and pull and occasionally reach overhead bilaterally and can frequently reach in other directions bilaterally. The claimant can frequently handle, finger and feel bilaterally, and can frequently operate foot controls bilaterally. The claimant should avoid unprotected heights and moving mechanical parts, but can occasionally operate a motor vehicle and can occasionally be exposed to vibration.

*See* R. 16.

At step four, relying on the RFC determination, the ALJ concluded that Plaintiff was unable to perform her past relevant work as a "paper and paper products sales representative (DOT# 279.357-026, SVP 5), light exertional level," as actually or generally performed. *See* R. 26. At step five, the ALJ, relying on the testimony of the vocational expert, determined that there were jobs that existed in significant numbers in the national economy that Plaintiff could

5

perform, such as "an order clerk (DOT# 209.567-014, SVP 2), sedentary exertional level with approximately 14,400 jobs in the national economy, charge account clerk (DOT# 205.367-014, SVP 2), sedentary exertional level with approximately 32,000 jobs in the national economy, and as an addresser (DOT# 209.587-010, SVP 2), sedentary exertional level with approximately 6,600 jobs in the national economy." *See* R. 27.

Accordingly, the ALJ concluded that Plaintiff had not been "under a disability," as defined in the Social Security Act, from December 31, 2017 through the date of the ALJ's decision. *See* R. 28 (citing 20 C.F.R. § 404.1520(g)).

## STANDARD OF REVIEW

Unsuccessful claimants for benefits under the Social Security Act may bring an action in federal district court seeking judicial review of the Commissioner's denial of their benefits. *See* 42 U.S.C. § 405(g). In reviewing a final decision of the Social Security Administration, the Court's role is limited to determining whether the Social Security Administration's conclusions were supported by substantial evidence in the record and were based on a correct legal standard. *See Talavera*, 697 F.3d at 151; *see also Schillo v. Kijakazi*, 31 F.4th 64, 74 (2d Cir. 2022). "Substantial evidence is more than a mere scintilla. It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Selian v. Astrue*, 708 F.3d 409, 417 (2d Cir. 2013) (alteration accepted) (quotation omitted); *see also Schillo*, 31 F.4th at 74. "The 'substantial evidence' standard is a very deferential standard of review – even more so than the 'clearly erroneous' standard." *Schillo*, 31 F.4th at 74 (quotation omitted). "The findings of the Commissioner of Social Security as to any fact, if supported by substantial evidence, shall be conclusive . . . ." 42 U.S.C. § 405(g); *see also Cichocki v. Astrue*, 729 F.3d 172, 175-76 (2d Cir. 2013).

**DISCUSSION**

Plaintiff raises two issues in support of her position that this case should be remanded.

*First*, Plaintiff argues that the ALJ violated agency policy – namely, Hearings, Appeals and Litigation Law Manual ("HALLEX") I-2-6-70 – by having the medical expert, Dr. Geneve, testify at the beginning of the administrative hearing, and that the ALJ's failure to adhere to Agency policy requires remand. *See* Pl.'s Br. at 2-6. Plaintiff asserts that, pursuant to HALLEX I-2-6-70(b), prior to testifying, a medical expert "must have heard, seen, or evaluated ALL of the evidence of record, including the claimant's testimony" and here, that did not happen. *See* Pl.'s Br. at 3. And Plaintiff argues – with reference to two cases from the United States District Court for the District of Alaska – that failure to comply with HALLEX I-2-6-70(b) constitutes legal error. *See* Pl.'s Br. at 5; *see also* Pl.'s Reply at 2 (noting, with respect to Plaintiff's HALLEX-based argument, that Plaintiff "alleges the ALJ has not applied the proper legal standard in deciding her case"); Pl.'s Contentions ¶ 1.[5]

*Second*, Plaintiff argues that the ALJ and Appeals Council judges "had no legal authority to adjudicate this case because they were not properly appointed" and therefore the case must be remanded "to a new properly appointed ALJ" for a *de novo* hearing and decision. *See* Pl.'s Br. at 6-7. Plaintiff asserts that under the Federal Vacancies Reform Act ("FVRA") – specifically, under 5 U.S.C. § 3346(a) – former Acting Commissioner Nancy Berryhill's term ended on November 16, 2017; that "on July 16, 2018, Ms. Berryhill purported to properly appoint SSA's

---

[5] Plaintiff additionally asserts that "the ALJ's reasons for deferring to the [medical expert's] medical opinion were not accurately explained," noting that the ALJ "suggested the [medical expert's] medical opinion was persuasive because it was based on 'all of the medical evidence,' when it was not." *See* Pl.'s Reply at 5; *see also* Pl.'s Br. at 3 (arguing that "[t]he ALJ's suggestion that [the medical expert's] opinion was persuasive because he had 'reviewed all of the medical evidence of record' was incorrect because there was quite a bit of evidence to which [the medical expert] had no access when testifying" (quoting R. 22-23)).

7

ALJs and Appeals Council judges;" that "Ms. Berryhill continuing as the head of SSA after November 16, 2017[] violated both the FVRA and the Constitution's Appointments Clause;" and that "[h]er actions after that date had no legal validity."  See Pl.'s Br. at 6-7.

In opposing remand and arguing for affirmance, Defendant asserts that the ALJ applied the correct legal standards, that the ALJ's decision is supported by substantial evidence, and that Plaintiff's two "procedural challenges" fail.  See generally Def.'s Br.; Def.'s Contentions; Def.'s Reply.

Defendant argues that Plaintiff's first argument "overstates the import of the [HALLEX's] language, misapprehends its nonbinding nature for purposes of judicial review, and disregards the substantial evidence standard and the scope of an ALJ's discretion."  See Def.'s Br. at 1 (additionally asserting that Plaintiff "does not substantively challenge the ALJ's RFC finding, or offer any substantive theory that she had greater restrictions"); see also Def.'s Br. at 7-11; Def.'s Contentions ¶ 1 (asserting, *inter alia*, that the supplemental hearing "was held at Plaintiff's request in response to vocational considerations, wherein Plaintiff made no request to further examine the medical expert" (citing R. 439)).

Defendant argues that Plaintiff's second argument fails because Ms. Berryhill was validly serving as Acting Commissioner when she ratified and approved the appointments of Social Security Administration ALJs, see Def.'s Br. at 11-20 (discussing statutory text of the FVRA; noting, *inter alia*, that "the overwhelming consensus of district courts is that the FVRA permitted Ms. Berryhill's service at that time and that her ratification of the ALJ's appointment was therefore valid;" and collecting cases), and that even if Ms. Berryhill were not validly serving as Acting Commissioner when she ratified the appointments, Plaintiff is not entitled to a new hearing, see Def.'s Br. at 20-23.

8

Here, upon consideration of the record as a whole, the Court determines that the ALJ's conclusions in the May 2021 decision are supported by substantial evidence and are based on a correct legal standard. Accordingly, the May 2021 decision must be affirmed. *See Talavera*, 697 F.3d at 151; *see also Schillo*, 31 F.4th at 74.

Plaintiff's arguments in favor of remand are unavailing. First, courts in this Circuit have consistently – and recently – held that a failure to follow procedures outlined in the HALLEX does not constitute legal error. *See Valet v. Astrue*, No. 10-CV-03282, 2012 WL 194970, at *12 n.21 (E.D.N.Y. Jan. 23, 2012) (collecting cases); *Salati v. Saul*, 415 F. Supp. 3d 433, 449 (S.D.N.Y. 2019) (collecting cases and stating that "HALLEX is simply a set of internal guidelines for the SSA, not regulations promulgated by the Commissioner, and therefore a failure to follow HALLEX does not necessarily constitute legal error requiring remand" (quotation and ellipsis omitted)); *Gonzalez v. Comm'r of Soc. Sec.*, No. 21-CV-00800, 2022 WL 3348386, at *17 (S.D.N.Y. May 27, 2022), *report and recommendation adopted sub nom. Gonzalez v. Kijakazi*, 2022 WL 3348525 (S.D.N.Y. Aug. 12, 2022). The Court agrees with the weight of authority concluding that a failure to follow procedures outlined in the HALLEX does not constitute legal error, and therefore remand is not warranted on this basis.[6]

Second, as Defendant correctly notes, "[c]ourts have overwhelmingly rejected Plaintiff's

---

[6] Nor, in light of the record as a whole, is remand warranted on the basis of the ALJ's statement that the medical expert "reviewed all of the medical evidence of record," *see* R. 22. Even if incorrect (or imprecise), any error was harmless in light of the record as a whole. *See, e.g., Lebron v. Kijakazi*, No. 20-CV-09542, 2022 WL 3910682, at *3 (S.D.N.Y. Aug. 31, 2022). Notably, the ALJ indicated that one of the reasons he found the opinion of the medical expert to be persuasive is that it was "generally consistent with the medical evidence." *See* R. 22-23 (referencing certain medical evidence with which the medical expert's opinion was generally consistent). Further, as Defendant notes, *see, e.g.*, Def.'s Br. at 11, Plaintiff does not appear to argue that any purported procedural error with respect to the medical expert *substantively* affected the outcome.

9

proposed reading of [5 U.S.C. § 3346(a)]." *See* Def.'s Br. at 15 & n.7 (collecting cases); *see also Ortiz v. Comm'r of Soc. Sec.*, 659 F. Supp. 3d 301, 305-06 (E.D.N.Y. 2023) (collecting cases). Moreover, although the United States Court of Appeals for the Second Circuit does not appear to have expressly addressed the issue, the United States Courts of Appeals for the Fourth, Fifth, and Eighth Circuits have held that Ms. Berryhill was properly serving as Acting Commissioner of the Social Security Administration during the period relevant here. *See Rush v. Kijakazi*, 65 F.4th 114, 124 (4th Cir. 2023), *cert. denied sub nom. Rush v. O'Malley*, 144 S. Ct. 999 (2024); *Seago v. O'Malley*, 91 F.4th 386, 393 (5th Cir. 2024); *Dahle v. Kijakazi*, 62 F.4th 424, 429 (8th Cir. 2023), *cert. denied sub nom. Dahle v. O'Malley*, 144 S. Ct. 549 (2024); *see also Gaiambrone v. Comm'r of Soc. Sec.*, No. 23-2988, 2024 WL 3518305, at *3 (3d Cir. July 24, 2024) (not precedential).[7] The Court agrees with the weight of authority concluding that Ms. Berryhill was properly serving as Acting Commissioner of the Social Security Administration during the relevant period, which authority is grounded in the statutory text of the FVRA.[8]

---

[7] Notably, the two decisions on which Plaintiff relies in support of her argument – *Brian T.D. v. Kijakazi*, 580 F. Supp. 3d 615 (D. Minn. 2022) and *Richard J.M. v. Kijakazi*, No. 19-CV-00827, 2022 WL 959914 (D. Minn. Mar. 30, 2022), *see* Pl.'s Br. at 7 (stating that "Plaintiff offers the exact same arguments here as the claimants in those cases") – have been reversed and vacated, respectively. *See Dahle*, 62 F.4th at 429-30 (reversing grant of summary judgment in *Brian T.D.* and observing that "Berryhill was properly serving as Acting Commissioner when she ratified the appointment of the SSA ALJs"); *Messer v. O'Malley*, No. 22-2127, 2024 WL 759328, at *1 (8th Cir. Feb. 21, 2024) (granting consent motion to vacate district court's judgment in *Richard J.M.* and to remand case for further proceedings in light of *Dahle*).

[8] In light of the Court's conclusion that Ms. Berryhill was properly serving as Acting Commissioner, the Court need not reach Defendant's additional argument, *see* Def.'s Br. at 20-23, that even if Ms. Berryhill were not so serving, a new hearing would not be required.

## CONCLUSION

For the reasons set forth above, Plaintiff's Motion for Judgment on the Pleadings, ECF No. 17, is DENIED; Defendant's Cross-Motion for Judgment on the Pleadings, ECF No. 18, is GRANTED; and the May 2021 decision is AFFIRMED.

The Clerk of Court is directed to enter judgment accordingly and to close this case.

SO ORDERED.

*/s/ Diane Gujarati*
DIANE GUJARATI
United States District Judge

Dated: August 2, 2024
 Brooklyn, New York